IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.    4:19-CR-00457 |
| | ) | |
| v. | ) | JUDGE DAN A. POLSTER |
| | ) | |
| DOUGLAS A. OBLINGER, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by its counsel, Justin E. Herdman, United States Attorney, and Jason W. White, Special Assistant United States Attorney, and respectfully submits this memorandum for the sentencing of the defendant, Douglas A. Oblinger. For the reasons set forth below, this Court should sentence the defendant to a term of imprisonment of between six and twelve months as prescribed by the Sentencing Guidelines, a three-year term of post-release supervision, and be ordered to pay restitution in the amount of $59,105.44 to the Social Security Administration (SSA).

## INTRODUCTION AND FACTUAL BACKGROUND

On October 7, 2019, pursuant to a written plea agreement and Fed. R. Crim. P. 11(c)(1)(B), the defendant pleaded guilty to Count One of a single-count indictment charging him with Theft of Government Property in violation of Title 42, Section 641, of the United States Code. The defendant is scheduled to be sentenced on January 14, 2020.

The United States adopts the facts as set forth in the Presentence Investigation Report (PSR) prepared by the United States Probation Office and filed on January 2, 2020. *See* PSR, ECF No. 9 at ¶¶ 4-7).

1

**APPLICABLE STATUTORY AND GUIDELINES PROVISIONS**

1. **Statutory Maximum and Minimum Sentences**

The defendant's conviction for Theft of Government Property subjects him to a statutory maximum term of ten years of imprisonment. 18 U.S.C. § 641. The conviction also subjects the defendant to a maximum statutory fine of $250,000 (18 U.S.C. § 3571(b)(3)) and a maximum term of supervised release of up to three years (18 U.S.C. § 3583(b)(2)). A term of probation supervision of not less than one nor more than five years is authorized. 18 U.S.C. § 3561(c)(1). A special assessment of $100 shall be imposed. 18 U.S.C. § 3013(2)(a).

2. **Guidelines Provisions**

   a. **Base Offense Level**

Under the federal sentencing guidelines and pursuant to an agreement by the parties, the "base offense level" for the defendant's conviction for Theft of Government Property is six. U.S. Sentencing Guidelines Manual § 2B1.1(a)(2) (U.S. Sentencing Comm'n 2016) [hereinafter U.S.S.G.]. Plea Agreement, ECF No. 7 at ¶ 14.

   b. **Specific Offense Characteristic- Loss Amount**

As set forth in the plea agreement at paragraph 14, the parties agreed that the offense level is increased by six because the offense involved a loss to SSA between $40,000 and $95,000. U.S.S.G. § 2B1.1 (b)(1)(D). Plea Agreement, ECF No. 7 at ¶ 14. This assessment conflicts with the eight-level increase calculated by the United States Probation Officer. PSR, ECF No. 9 at ¶ 14. The government recommends that this Court accept the parties' stipulated guideline calculation and finds that the money reclaimed by the SSA should not be included as intended loss.

  **c.**  **Acceptance of Responsibility**

The government agrees with the Probation Office's determination that the defendant is entitled to a two-level downward adjustment of the offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).  PSR, ECF No. 9 at ¶¶ 10, 11; *See* Plea Agreement, ECF No. 7 at ¶ 15.

  **d.**  **Criminal History Category**

According to the PSR, the defendant's criminal history category is I.  PSR, ECF No. 9 at ¶ 25.  The government agrees with this determination.

  **e.**  **Guidelines Range and Sentence**

The PSR concludes that the combined offense level is 12 and the criminal history category is II.  PSR, ECF No. 9 at ¶¶ 21, 25.  Accordingly, absent any departures, the federal sentencing guidelines advise that the defendant should receive a term of imprisonment to last between ten to sixteen months.  PSR, ECF No. 9 at ¶ 48.  However, as explained above, the parties stipulated and recommend that this Court assess six levels for a loss amount between $40,000 and $95,000 resulting in a total offense level of ten.  Accordingly, absent any departures, the federal sentencing guidelines advise that the defendant should receive a term of imprisonment to last between six and twelve months.  Where the guideline range lies within Zone B of the Sentencing Table, the minimum term may be satisfied by a sentence of imprisonment, a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention provided that at least one month is satisfied by imprisonment, or a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment.  U.S.S.G. § 5C1.1(c).  Furthermore, the Guidelines direct that a term of supervised release to last between one

and three years may be imposed.  U.S.S.G. § 5D1.2(a)(2).  Finally, the fine range for this offense is $2,000 to $20,000.  U.S.S.G. §§ 5E1.2(c)(3), 5E1.2(h)(1).

## OTHER SENTENCING CONSIDERATIONS

**1.    Restitution**

The imposition of an order requiring payment of restitution in full, according to a schedule by the Court, is mandatory.  18 U.S.C. § 3663A(c)(1)(A).  The parties have agreed that SSA suffered a direct financial loss as a result of the defendant's conduct in the amount of $59,105.44 and the defendant consents to an order directing him to pay accordingly.  PSR, ECF No. 9 at ¶ 2; Plea Agreement, ECF No. 7 at ¶¶ 21-22.

**2.    Defendant's Waiver of Appeal**

As part of the plea agreement, the defendant waived any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal and/or collaterally attack his conviction or sentence.  Plea Agreement, ECF No. 7 at ¶ 17.

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment of between six and twelve months as prescribed by the Sentencing Guidelines, a three-year term of post-release supervision, and an order to pay restitution in the amount of $59,105.44 to the SSA.  The government submits that the recommended sentence adequately reflects the statutory factors to be considered under 18 U.S.C. § 3553(a) in imposing a sentence, particularly:

(1)  the nature and circumstances of the offense and the characteristics of the defendant;
(2)  the need for the sentence imposed—
    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)   to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; [and]

. . .

(7)   the need to provide restitution to any victims of the offense.

Specifically, the defendant committed an egregious offense by defrauding the government program relied upon by millions of America's most penurious and vulnerable citizens and the needs to provide deterrence and respect for the law warrants the recommended sentence.

      The defendant's conduct here spanned almost five years and defrauded the government of over $59,000.00 in retirement insurance benefits. During that time, the defendant drafted 106 checks drawn on his deceased mother's bank account, making most of these checks payable to himself or his wife. With each check that he wrote, the defendant knew that the money in the account came from the government and was intended for his deceased mother. The defendant's conduct here was dishonest and warrants the recommended sentence.

      The egregiousness of the defendant's actions are exacerbated when the program for which he victimized is considered. In 2019, the SSA will have provided nearly 64 million elderly, widowed, or disabled Americans over one trillion dollars in social security benefits. Soc. Sec. Admin., Fact Sheet: Social Security (2019), https://www.ssa.gov/news/press/factsheets/basicfact-alt.pdf. These programs are grounded upon the idea that when a person is elderly, widowed, or disabled, current workers will help support that person, just as he or she helped support others. When the defendant stole from SSA, he did not just steal from a government agency, he stole from every American who paid into the system and every American who expects to receive benefits in the future.

      Additionally, the defendant's conduct victimized a trust fund whose future financial stability is already in jeopardy. As it faces an insolvency date of 2034 and struggles to pay full disability benefits to those in need after that point, every dollar matters for SSA and fraud against

these programs must be dealt with firmly.   Soc. Sec. Admin., Summary:   Actuarial Status of the Social Security Trust Funds, (April 2019), https://www.ssa.gov/policy/trust-funds-summary.html.   A sentence within the Guideline range here accomplishes that objective.

The sentence recommended within the Guideline range is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).   "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see*, *e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").   Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity."   *Rita v. United States*, 551 U.S. 338, 354 (2007).

The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum.   Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.   Fed R. Crim. P. 32(i)(1)(c) and 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 7th day of January 2020,

        JUSTIN E. HERMAN
        United States Attorney

By:    Jason W. White
        Special Assistant United States Attorney
        Bar No. NY4672267

**<u>Certificate of Service</u>**

I hereby certify that on January 7, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

J. Gerald Ingram, Esq. (jgerald_ingram@yahoo.com)

_____
Jason W. White
Special Assistant United States Attorney
Bar No. NY4672267